UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETSY KWASNY,

       Petitioner,          Civil No. 2:15-CV-13475
                                    HONORABLE GEORGE CARAM STEEH

v.

ANTHONY STEWART,

       Respondent.
_____/

**<u>OPINION AND ORDER REQUIRING PETITIONER TO CLARIFY THE
ISSUES BEING RAISED AND THE CONVICTIONS BEING CHALLENGED
IN THE HABEAS PETITION AND GRANTING RESPONDENT AN EXTENSION
OF TIME TO FILE A SUPPLEMENTAL ANSWER TO THE PETITION FOR
WRIT OF HABEAS CORPUS AND ANY ADDITIONAL RULE 5 MATERIALS</u>**

    Betsy Kwasny, ("petitioner"), presently confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in June, 2011 in the Berrien County Circuit Court of uttering and publishing, three counts of possessing or using a financial transaction device without consent, and drawing a check on a bank without a bank account. Petitioner was separately convicted by a jury in the Berrien County Circuit Court in February, 2012 of subornation of perjury. Petitioner's two convictions were consolidated on appeal and affirmed, although the case was remanded for a new order of restitution. *People v. Kwasny*, Nos. 306784, 309924, 2013 WL 5857632 (Mich. Ct. App. Oct. 31, 2013), *judgment vacated in part, appeal denied in part*, 497 Mich. 908, 856 N.W.2d 70 (2014).

    Petitioner filed a petition for writ of habeas corpus on or about October 1, 2015.

-1-

Within her habeas application, petitioner filed two form petitions, one challenging her uttering and publishing, financial transaction device, and closed account check convictions, and one challenging her perjury conviction. Petitioner also attached to her lengthy petition her appellate court briefs challenging both convictions and numerous other pleadings with respect to both convictions. Petitioner, however, did not move to consolidate both of her convictions into one habeas petition.

On April 8, 2016, respondent filed an answer to the habeas application, but addressed only the issues raised by petitioner in her petition for writ of habeas corpus challenging her 2011 convictions for uttering and publishing, financial transaction device, and closed account check. Respondent did not address any of the claims raised by petitioner in her separate form habeas petition challenging her perjury conviction, perhaps because of confusion over whether petitioner was also challenging this conviction in this habeas application as well.

A habeas petitioner has the burden to present his or her issues clearly. *See United States ex. Rel. Rickard v. Sternes,* 149 F. Supp. 2d 437, 448 (N.D. Ill. 2001). Where there is confusion about the claims being raised by a *pro se* habeas petitioner, a district court should order the habeas petitioner to articulate the specific claims that he or she wishes to raise in his or her petition. *See Franklin v. Rose,* 765 F. 2d 82, 85 (6th Cir. 1985). In light of the large number of pleadings that petitioner has filed in this case, it may not be clear to the respondent the issues for which petitioner is seeking habeas relief on and the convictions that she is challenging. An appropriate response to a habeas petition is an answer which responds to each allegation contained in a habeas petition. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). An order of

clarification of the issues raised and the convictions being challenged is therefore necessary so this Court and respondent can accurately determine which convictions are being challenged by petitioner and which issues are being raised.

Moreover, in the interests of time and judicial economy, this Court can consolidate petitioner's two habeas applications into one action pursuant to Fed.R.Civ. P. 42, if that is what she chooses to do. *See Bernal v. Helman,* 958 F. Supp. 349, 351-52 (N.D. Ill. 1997).

Accordingly, petitioner is ordered to submit a statement with this Court and the respondent within thirty days of the Court's order which clarifies the specific issues and convictions for which petitioner seeks habeas relief.

If petitioner does not want to challenge her perjury conviction at this time, the Court will adjudicate her petition regarding the uttering and publishing, financial transaction device, and closed account check convictions.  If petitioner indicates that she wishes to challenge her perjury conviction and is raising the claims that she presented in her form petition that appears to challenge the perjury conviction, the Court will grant respondent a sixty day extension of time from the date that he receives petitioner's statement clarifying the issues and the convictions being challenged to file a supplemental answer in this case.  A federal court has discretion in extending the time for a state to file a response to a habeas corpus petition. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).  The Court will also order respondent to provide this Court with the any additional Rule 5 materials from petitioner's 2012 perjury conviction at the time that it files its supplemental answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court

proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

If petitioner does not respond to the Court's order within 30 days, the Court will proceed to adjudicate only the petition challenging petitioner's 2011 convictions.

**IT IS ORDERED THAT:**

**(1)** Petitioner shall have **thirty (30) days** from the date of this order to provide a statement to the Court and to the respondent which clarifies the issues that she wishes to raise and the convictions that she wishes to challenge in her habeas petition.

(2). Respondent shall have **sixty (60) days** from the date that he receives petitioner's statement of clarification to file a supplemental answer to any issues or convictions that respondent has not yet responded to and any additional Rule 5 materials.

IT IS SO ORDERED.

Dated:  October 25, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 25, 2016, by electronic and/or ordinary mail and also on Betsy Kwasny #808634, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk